## Sweitzer et al. v. Erie Coach Co. et al.

*S. Y. Rossiter* and *Robert Chase*, for plaintiffs.

*English, Quinn, Leemhuis & Tayntor,* and *Firman & Knox,* for defendants.

EVANS, J., February 7, 1942. — This action was brought by plaintiffs, Jeanette Sweitzer, a passenger, and Charles F. Bierbach, the driver of an automobile, to recover damages alleged to have been suffered as a result of an automobile collision.

Paintiffs joined in the same suit pursuant to the provisions of Pa. R. C. P. 2229 (*a*). One of the defendants filed an affidavit of defense denying negligence and averring that the collision and the resulting damages were caused by the negligence of Charles F. Bier-

bach, one of the plaintiffs. This defendant then filed a petition, again averring that it was the negligence of Charles F. Bierbach which was the contributing cause of the accident and the injuries sustained by Jeanette Sweitzer, and asked that the proceedings as to the claims of Jeanette Sweitzer and Charles F. Bierbach be severed in order that defendant may then file a petition to join Charles F. Bierbach as an additional defendant in the Sweitzer action. Both plaintiffs contend that this cannot be done, for Pa. R. C. P. 2252(a) provides that the defendant may petition the court for leave to join as an additional defendant any person not a party to the action; and that this rule will not permit defendant to join any of the plaintiffs as an additional defendant in cases where several plaintiffs, having separate claims, join in a single action against a defendant.

This matter has been adjudicated in the courts of Delaware County, in the case of Freeman et ux. v. MacDonald et ux., 42 D. & C. 158, in which the court refused to sever the actions and held that a plaintiff cannot be joined as an additional defendant as to the claim asserted by a co-plaintiff. Rule 2252(a) is clear to the effect that, without severance, a co-plaintiff cannot be made an additional defendant in the same proceeding, but we cannot agree with the conclusion of that court that the actions relative to the plaintiffs' claims should not have been severed. The general rule is that the granting of a severance in civil suits rests in the discretion of the trial judge when the action involves a duality or plurality of causes of action: 5 Standard Pennsylvania Practice, p. 149.

There are involved here two distinct causes of action notwithstanding that, for the convenience of plaintiffs, rule 2229(a) gave them permission at their option to bring a joint suit. This rule, superseding the Permissive Joinder of Plaintiffs Act of June 25, 1937, P. L. 2072, 12 PS §159.1, was intended merely as a

convenience in the trial of cases and as a means of avoiding inconsistent verdicts which might result from separate trials. The action of each plaintiff still retains its separate character and is merely consolidated with the other case for the purpose of trial: Stokes et al. v. Giarraputo & Son et al. (No. 2), 42 D. & C. 597. That case involved a situation similar to the Freeman case, supra, and the one at bar. It was held there and we conclude here that, under such circumstances, the actions should be severed. To come to any other conclusion would be to permit a very inequitable situation, for wherever damages to automobile passengers result from negligence of both drivers of colliding vehicles the one who succeeds in joining as a party plaintiff with these passengers would escape responsibility and liability therefor. In such a situation, at the time of trial, a court would be required to instruct the jury that it must place entire responsibility upon the one defendant driver even though the evidence clearly showed the accident resulted from the negligence of both drivers.

And now, to wit, February 7, 1942, the rule to show cause granted December 22, 1941, on the petition to sever the actions of Jeanette Sweitzer and Charles F. Bierbach, is made absolute.